**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CHARLES ALLEN**                                                          **CIVIL ACTION**

**VERSUS**                                                                         **NO. 10-4507**

**BURL CAIN**                                                                     **SECTION "J"(4)**

### ORDER AND REASONS

The petitioner, Charles Allen, has filed a **Motion to Compel Production of Newly Discovered Old Evidence and Request for Computer Forensics Expert Examination (Rec. Doc. No. 22)**, in which he requests that this Court compel his prior state court counsel produce to the Court one of three computers seized by police during his criminal proceedings and which is still in counsel's custody. He indicates that he has filed a related disciplinary complaint against his former counsel for taking possession of the computers. He further requests that the Court order that the computer be tested by a forensics expert to determine the cause of the damage to the computer which prevents it from running and whether the exculpatory evidence in the computer can be salvaged. Allen also moves for the Court to consider the salvaged evidence in connection with his habeas petition.

Allen has failed to demonstrate any prior effort to gain the return of his property from his counsel prior to this motion. This Court has not been provided with the necessary information to for this request to be treated as a motion to compel under Fed. R. Civ. P. 37.

Furthermore, the computer, and any information thereon, clearly was not among the exhibits considered by the state courts in addressing Allen's post-conviction claims. As Allen has already

been advised by this Court, the United States Supreme Court has held that the federal courts' review under 28 U.S.C. § 2254 is limited to the record that was before the state court that adjudicated the claims. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). The record for this Court to review is limited to the record as it existed before the state courts. *Id*. Therefore, it would be inappropriate to allow Allen to present this Court with the computer or any information thereon as exhibits to be used to support this federal petition. Accordingly,

**IT IS ORDERED** that Allen's **Motion to Compel Production of Newly Discovered Old Evidence and Request for Computer Forensics Expert Examination (Rec. Doc. No. 22)** is **DENIED**.

New Orleans, Louisiana, this __27th__ day of May, 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**