**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHARLES ALLEN** | **CIVIL ACTION** |
| **VERSUS** | **NO.  10-4507** |
| **BURL CAIN** | **SECTION "J"(4)** |

## ORDER AND REASONS

The petitioner, Charles Allen, has filed a **Motion to Compel Discovery of Grievances Filed by Prisoners Against "Inmate Counsel" Eddie Viree (Rec. Doc. No. 28)**, in which Allen requests that this Court order discovery or production by the State of grievance forms filed by other inmates against Eddie Viree related to his actions as inmate counsel.  Allen has also filed a pleading entitled **Objections and Renewed Motion Concerning this Court's Latest Denial of My Request for Compelled Production of My Computers Held by Ineffective Defense Lawyer Davidson Ehle (Rec. Doc. No. 29)**, in which he requests reconsideration of his earlier motion seeking to have this Court compel his prior state court counsel to produce his computers seized by police during his criminal proceedings and which are still in counsel's custody.

As with Allen's prior discovery motions, he has failed to attach evidence of his efforts to obtain copies of these grievances from anyone.  This Court therefore has not been provided with the required information for this request to be treated as a motion to compel under Fed. R. Civ. P. 37.  Furthermore, and most importantly, the Court has not found any basis for ordering discovery in this

habeas case, especially in light of the irrelevance of the materials sought by Allen.  With regard to inmate counsel, a prisoner does not have a constitutional right to counsel when seeking post-conviction review or collateral relief and alleged errors or delays by post conviction counsel are not relevant to federal habeas relief.  *See Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002); *U.S. v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).  There is no basis for this Court to allow discovery in connection with administrative complaints about the past performance of Allen's alleged inmate counsel.  His motion for same is denied.

The Court will not reconsider Allen's meritless motion regarding recovery of his computers, for the reasons already assigned when initially addressing the motion.  Allen has been repeatedly advised by this Court, the United States Supreme Court has held that the federal courts' review under 28 U.S.C. § 2254 is limited to the record that was before the state court that adjudicated the claims.  *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).  The record for this Court to review is limited to the record as it existed before the state courts.  *Id*.  Therefore, it would be inappropriate to allow Allen to present this Court with the computers or any information thereon as exhibits to be used to support this federal petition.

Furthermore, Allen's continued exclamation of his "actual innocence" is not relevant to this Court's review.  As a general rule, free-standing claims of actual innocence are not subject to federal habeas review and gives him no special privilege in pursuing his federal habeas petition.  "Never having seen such a claims that was supported by anything that even approached a 'truly persuasive demonstration' of actual innocence, '[t]he Fifth Circuit has rejected this possibility and held that claims of actual innocence are not cognizable on federal habeas review . . .'"  *Cantu v. Thaler*, 632 F.3d 157, 167 (5th Cir. 2011) (quoting *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003)).  The

Fifth Circuit also has not found a claim of actual innocence to excuse the untimeliness of a federal petition. *Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002). Accordingly,

**IT IS ORDERED** that Allen's **Motion to Compel Discovery of Grievances Filed by Prisoners Against "Inmate Counsel" Eddie Viree (Rec. Doc. No. 28)** and his **Objections and Renewed Motion Concerning this Court's Latest Denial of My Request for Compelled Production of My Computers Held by Ineffective Defense Lawyer Davidson Ehle (Rec. Doc. No. 29)** are **DENIED**.

New Orleans, Louisiana, this __23rd__ day of June, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**