```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

CHARLES ALLEN                                          CIVIL ACTION

VERSUS                                                 NO: 10-4507

BURL CAIN                                              SECTION "J"(4)

### ORDER

Before the Court are the Magistrate Judge's Report and Recommendation (Rec. Doc. 33) and Petitioner's Objections and Renewed Motion for Discovery of Complaints Filed Against Inmate Counsel Eddie Yiree and Motion for Evidentiary Hearing, Questions (Rec. Doc. 35). Also before the Court are Petitioner's Notice of Attempt to Obtain Case and Computer (Rec. Doc. 31), Amendment to Prior Notice Concerning My Attempt to Obtain Case and Computer and Motion for Help From This Court to Preserve Exculpatory Evidence (Rec. Doc. 32), and Notice (Rec. Doc. 34), which were delivered to the Court through mail.

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge (Rec. Doc. 33), and Petitioner's Objection (Rec. Doc. 35), hereby **OVERRULES** Petitioner's Objection. Petitioner's main argument concerns his failure to timely apply for a writ application with the Louisiana Supreme Court. Crucial to the Magistrate Judge's Report and Recommendation was the finding that Petitioner did not

demonstrate an entitlement to equitable tolling of the one-year statute-of-limitation period for filing his habeas petition. He could not demonstrate a proper excuse for his untimely 2007 writ application with the Louisiana Supreme Court. Petitioner's Objection argues that the State impeded his access to law library facilities, which resulted in his belief that he had more than 30 days after the Louisiana Fifth Circuit denied his request for rehearing after direct appeal in which to apply for a writ with the Louisiana Supreme Court. Namely, he asserts that inmate counsel refused to give him a copy of the Louisiana court rules and denied him library access for malicious reasons.

Petitioner cites Bounds v. Smith, 430 U.S. 817 (1977) for the proposition that the alleged denial of access to legal resources regarding filing deadlines is an unconstitutional state impediment that should excuse his failure to timely file a writ application with the Louisiana Supreme Court, which timely filed would have tolled the habeas statute of limitations. Although Bounds does hold that the "fundamental constitutional right of access to the courts requires prison authorities to . . . [provide] prisoners with adequate law libraries or adequate assistance from persons trained in the law," id. at 828, Petitioner provides nothing more than bare assertions and copies of his complaints filed within the prison, in his attempt to

prove that he was not provided adequate access.[1]  Additionally, an inmate's ignorance or mistake concerning legal requirements, e.g., the Louisiana Supreme Court writ application filing deadline, does not justify equitable tolling.  See U.S. v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002).

The petitioner's remaining notices and motions are rendered moot by this Court's adoption of the Report and Recommendation (Rec. Doc. 33).  Petitioner's Notice of Attempt to Obtain Case and Computer (Rec. Doc. 31) requests this Court to provide a copy of Cullen v. Pinholster, 131 S. Ct. 1388 (2011), which partially formed the basis of the Magistrate Judge's denial of Petitioner's discovery motions (Rec. Docs. 28 & 29). Petitioner's Amendment to Prior Notice Concerning My Attempt to Obtain Case and Computer and Motion for Help From This Court to Preserve Exculpatory Evidence (Rec. Doc. 32) contains what Petitioner titles a "Motion to Preserve Evidence," in case Petitioner would somehow be able to obtain a computer that he alleges would have contained useful and exculpatory evidence.  Lastly, Petitioner's Notice (Rec.

---

[1] The Court notes that Petitioner makes additional Objections (Rec. Doc. 37) that were late-filed; Petitioner alleges that this lateness is due to his delayed receipt of the Magistrate Judge's Report and Recommendation.  Even if the Court takes these objections into consideration, the outcome is unchanged. Petitioner attempts to support his allegation of deprivation of law library access through a portion of "Exhibit Q," which Petitioner states is already in the record.  The Court notes that the Exhibit chiefly consists of complaints the Petitioner filed against inmate counsel with Angola Warden Burl Cain. This documentation is insufficient to prove the alleged malicious denial to law library access.  The Court finds no merit in Petitioner's remaining objections:  that Magistrate Judge Roby has misconstrued his allegations and claims; that the Petitioner has obtained newly discovered evidence that should result in a delayed running of the statute of limitations; and that the Magistrate Judge has improperly applied U.S. Supreme Court case law.  The alleged newly discovered evidence is chiefly computer files that the Magistrate Judge has previously rejected as inadmissible (Rec. Doc. 27).

Doc. 34) contains allegations of arbitrary denial by prison officials of access to witnesses, jurors, and several books that Petitioner apparently believes would be useful in formulating a plan for pursuing alleged exculpatory evidence.  The issues raised in these several documents filed by Petitioner are mooted by this Court's adoption of the Magistrate Judge's Report and Recommendation (Rec. Doc. 33), which dismisses as untimely Mr. Allen's habeas petition.  Accordingly,

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objections, hereby approves the Report and Recommendation of the Magistrate Judge. **IT IS ORDERED** that the Magistrate Judge's Report and Recommendation is adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that the petition for Habeas Corpus relief is **DENIED with prejudice** as time-barred.

**IT IS FURTHER ORDERED** that Petitioner's Notice of Attempt to Obtain Case and Computer (Rec. Doc. 31), Amendment to Prior Notice Concerning My Attempt to Obtain Case and Computer and Motion for Help From This Court to Preserve Exculpatory Evidence (Rec. Doc. 32), and Notice (Rec. Doc. 34), are **DISMISSED AS MOOT.**

New Orleans, Louisiana this 1st day of August, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE