UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALLEN                                          CIVIL ACTION

VERSUS                                         NO: 10-4507

CAIN ET AL.                                    SECTION: J

**ORDER AND REASONS**

Before the Court is Petitioner's **Motion for Relief from Judgment Under Rule 60(b) (Rec. Doc. 47).** Having reviewed the motion, the record, and the applicable law, the Court finds that Petitioner's motion should be **DENIED** for the reasons set forth more fully below.

**DISCUSSION**

Rule 60(b) provides that a court may reconsider a judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on a prior judgment that has been reversed or vacated, or it is no longer equitable for the judgment to have prospective application; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b). A district court has considerable

1

discretion to grant or deny relief under Rule 60(b), and its decision will be reversed only for an abuse of discretion. Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005). A district court abuses its discretion only if it bases its decision on an erroneous view of the law or clearly erroneous assessment of the evidence. Id.

In his motion, Petitioner requests that this Court reconsider its August 1, 2011 Judgment dismissing with prejudice Petitioner's petition for issuance of a writ of habeas corpus. (Rec. Doc. 39) Specifically, Petitioner requests that this Court revisit its prior dismissal with respect to his ineffective assistance of counsel claim. Petitioner argues that a recent United States Supreme Court decision, Martinez v. Ryan, 132 S.Ct. 1309 (2012), presents new grounds for evaluating his habeas petition. In particular, Petitioner argues that Martinez held that habeas claims for ineffective assistance of counsel cannot "be barred for procedural default when there was no counsel at the initial-review-collateral-proceeding." (Rec. Doc. 47, p. 1, ¶ 5). Petitioner contends that because his habeas claim was dismissed for procedural default, he falls under the Martinez holding, and the Court should therefore grant him leave to proceed on the merits of his habeas petition with respect to his

ineffective assistance of counsel claim.[1]

The Court finds that Petitioner's argument is misplaced. In Martinez, the Supreme Court issued a narrow holding which found that when state law requires ineffective assistance of trial counsel claims to "be raised in an initial review collateral proceeding, a procedural default will not bar a federal habeas court from hearing" the claim on federal review, as long as there was no counsel or the counsel in the proceedings was ineffective. 132 S.Ct. at 1320. The Court's holding is limited only to state procedural defaults that are directly related to the ineffective assistance of counsel claim, i.e. a defendant's failure to raise the claim on collateral review. See id. ("It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons."). Moreover, the holding does not require that the federal district court evaluate

---

[1] Louisiana does not permit defendants to raise ineffective assistance of counsel claims on direct appeal. (See Report and Recommendation, Rec. Doc. 33, pp. 5-6, 9 (discussing the fact that claims of ineffective assistance of trial counsel may not be raised until post-conviction collateral review). Rather, it requires that all defendants wait until post-conviction collateral review to raise the claim. In this case, Petitioner did raise his claim of ineffective assistance of counsel at post-conviction review; however, he proceeded *pro se* and was not provided an attorney. (See Rec. Doc. 47, p. 1, ¶¶ 2-3) The state courts found on the merits that Petitioner did not receive ineffective assistance of counsel at the trial level. (See Report and Recommendation, Rec. Doc. 33, p. 9)

the claim on the merits if there is a procedural default; rather, it merely allows the petitioner to raise the issue of ineffective assistance/no assistance of counsel on habeas review as a for cause showing for the default. See id. at 1316 - 20.

In the instant case, the Court did not dismiss Petitioner's habeas claim because of a state procedural default. Rather, the Court dismissed Petitioner's habeas petition because it was untimely. The Court found that petitioner had filed his habeas petition almost two and a half years after the Anti-Terrorism and Death Penalty Act filing period had expired. The Court's judgment did not rest on any findings that Petitioner's ineffective assistance of counsel claim was barred due to procedural default, nor does Petitioner present any arguments that indicate to the Court that the untimely filing of his habeas petition was somehow connected to his lack of counsel on initial collateral review. As such, the Court declines to grant Petitioner's requested relief. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion is **DENIED**.

New Orleans, Louisiana, this 16th day of November, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

4